** Summary **
COMMISSIONERS OF LAND OFFICE — PROCEDURES FOR CONDUCTING BUSINESS If the Commissioners of the Land Office originally fail to institute action because there were less than three members voting affirmatively for it, the same action may be instituted at a later time by an affirmative vote of three members of the Commission and it is not necessary that the full membership concur. No action previously taken by the Commission may be rescinded except by unanimous vote of the full membership of the Board of Commissioners of the Land Office. The Attorney General is in receipt of your request for an opinion in which you ask, in effect, the following questions: 1. When a course of action is proposed but less than three Commissioners of the Land Office affirmatively vote to take such a course of action, may the same action be later passed by a vote of three of the Commissioners, or must the full membership concur? 2. If there are less than five members of the Commission present, may a former action taken by the Commissioners be rescinded? Title 64 O.S. 154 [64-154] (1971) provides: ". . . No action of the Commissioners of the Land Office shall be valid unless voted by at least three members. No action heretofore taken, or which may hereafter be taken by the Commissioners of the Land Office, may be rescinded except by unanimous vote of the full membership of the Board of Commissioners of the Land Office. . . ." The statutes are silent as to what would constitute a quorum for the Commissioners to transact business. The Commissioners of the Land Office have by Rule No. 1-104 filed with the Secretary of State on May 26, 1965, provided: ". . . Any three Commissioners at a meeting are a quorum and thereby constitute a legal meeting; however, a concurrence of three members in a proposed action is necessary to make such action legal; provided, further, that no legal action taken at a previous meeting can be rescinded, annulled or substantially amended, except by the unanimous vote of the full membership of the Commissioners (Title 64 O.S. 154 [64-154] O.S. 1961). . ." By statute and rule it is clear that any three Commissioners may meet and constitute a quorum and may act lawfully to propose any new action as long as there are three Commissioners voting favorably on the proposed action. The problem arises if less than three members of the Commission are in favor of a particular course of action at one meeting, but subsequently there are more than three Commissioners in favor of the same action. In effect, you ask if the failure of a proposed action to achieve the necessary three votes the first time it was proposed thereby constitutes a course of action which must later be rescinded by unanimous vote of the full membership of the Board of Commissioners. This question involves defining the term "action" as used in Section 154, supra. The Oklahoma Statutes are silent with respect to defining the word "action" other than in its legally accepted meaning of bringing a lawsuit (see 12 O.S. 4 [12-4] (1971); 12A O.S. 1-201 [12A-1-201] and 6 O.S. 103 [6-103] (1971)). Black's Law Dictionary defines action as "conduct; behavior; something done; the condition of acting; an act or series of acts." The relevant definition of "action," in Webster's Dictionary is "the manner or method of performing; a thing done." It is apparent that under the common usage of the word "action," the Commission's failure to pass a proposal because of the lack of three members voting favorably would not constitute the Commission taking action, but would in fact be no action whatever. Therefore, it is the opinion of the Attorney General, that the answer to your first question is in the affirmative. If the Commissioners of the Land Office originally fail to institute action because there were less than three members voting for it, the same action may be instituted at a later time by an affirmative vote of three members of the Commission and it is not necessary that the full membership concur. With respect to the second question the plain and simple reading of the statute requires that in order to rescind an action previously taken by the Commissioners of the Land Office it is necessary to have a unanimous vote of the full membership of the Board of Commissioners of the Land Office. No provisions are made by the statute for rescinding an action of the Commission in the absence of any member irrespective of whether or not a vacancy exists on the Board. Therefore, it is the opinion of the Attorney General that your second question be answered in the negative. If there are less than five members present on the Commission, they may not rescind a former action of the Commissioners. (Paul C. Duncan)